Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: 305-374-8500

Barbara A. Martinez, State Bar No. 018487
Direct Dial: 305-789-7506
Email: Barbara.Martinez@hklaw.com

*Attorneys for Plaintiff*
*FYI AZ, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| FYI AZ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Find Your Influence, Inc., <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT** |

DATED this 22nd day of May, 2023

<u>Barbara A. Martinez</u>
Attorneys for Plaintiff

# COMPLAINT

Plaintiff, FYI AZ, LLC ("Plaintiff"), brings this action against Find Your Influence, Inc. ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This is an action for breach of contract.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S. Code § 1332(a). The parties are citizens of different states and the amount in controversy exceeds the threshold amount of $75,000, exclusive of interests and costs.

3. This Court has personal jurisdiction over the parties as well. Defendant's principal place of business is in Arizona.

4. Venue is proper in this Court because Defendant's principal place of business is in Maricopa County. Defendant's statutory agent / director also resides in Maricopa County as of the date of this action. The cause of action accrued in Maricopa County.

5. Further, in the Parties' underlying contract, the Parties agreed that, if Defendant breaches the agreement, "jurisdiction for a subsequent lawsuit shall be in Phoenix, AZ."

## PARTIES

6. Plaintiff is a Florida limited liability company with its principal place of business in St. Petersburg, Florida. Each of Plaintiff's members is a citizen of Florida or Tennessee. None of Plaintiff's members is a citizen of Arizona.

7. Defendant is an Arizona corporation with its principal place of business in Maricopa County in Arizona.

**GENERAL ALLEGATIONS**

8. On May 24, 2018, Plaintiff and Defendant entered a Convertible Note Purchase Agreement.

9. As part of the Agreement, Plaintiff agreed to sell Defendant a convertible note in the amount of $1,200,000.00 (the "Note"), plus interest.

10. The Note was never converted, but it was extended twice.

11. On June 25, 2021, Plaintiff and Defendant executed a First Amendment to Convertible Note Purchase Agreement, effective May 25, 2021.

12. On May 26, 2022, Plaintiff and Defendant executed a Second Amendment to Convertible Note Purchase Agreement, effective May 24, 2022. Plaintiff refers to the Convertible Note Purchase Agreement, First Amendment to Convertible Note Purchase Agreement, and Second Amendment to Convertible Note Purchase Agreement collectively as the "Agreement." [1]

13. In March 2023, Plaintiff demanded full payment of the Note plus interest.

14. Defendant paid Plaintiff $20,000.00.

15. Defendant did not comply with and was in breach of the Agreement.

---

[1] The Convertible Note Purchase Agreement contains a provision declaring the Convertible Note Purchase Agreement and its terms confidential, so Plaintiff is not filing a copy of the Agreement on the public docket.

16. On March 28, 2023, Plaintiff sent Defendant a demand letter, requesting full payment of the Note, less the $20,000.00 Defendant already paid.

17. Plaintiff and Defendant then entered into a Confidential Settlement Agreement.[2]

18. Pursuant to the Confidential Settlement Agreement, Defendant agreed to pay Plaintiff a certain amount of money on or before May 11, 2023, then Defendant agreed to pay Plaintiff a certain amount of money each month between June and December 2023.

19. Defendant did not pay Plaintiff the required amount on or before May 11, 2023.

20. To date, Defendant has not paid Plaintiff the required amount due.

## COUNT I – BREACH OF CONTRACT

21. Plaintiff reincorporates and realleges paragraphs 6-20 for purposes of this claim.

22. Plaintiff and Defendant entered into the Confidential Settlement Agreement, which constitutes a valid and enforceable contract.

23. The Confidential Settlement Agreement provides that Defendant shall pay Plaintiff a certain amount on or before May 11, 2023.

24. Defendant did not pay Plaintiff the required amount on or before May 11, 2023, and Defendant has not paid Plaintiff the required amount to date.

---

[2] Similar to the Agreement, this Settlement Agreement is also confidential, so Plaintiff is not filing it on the public docket. Defendant has a copy of the Agreement and the Settlement but, in an abundance of caution, Plaintiff will serve the Agreement and the Settlement on Defendant when Plaintiff serves this Complaint on Defendant.

25. Plaintiff has sustained and is currently sustaining losses as a direct result of Defendant's failure to pay the agreed amount.

26. Plaintiff is entitled to recover from Defendant the total amount owed to Plaintiff under the Confidential Settlement Agreement, including future amounts due in the months between June and December 2023.

27. Plaintiff is also entitled to recover its fees and costs pursuant to the prevailing party provision in the Confidential Settlement Agreement.

**WHEREFORE**, Plaintiff requests for judgment in its favor and against Defendant for Defendant's breach of contract and recovery of Plaintiff's damages and losses, for interest as permitted by law, for the costs of bringing this action, including attorneys' fees, and for such other and further relief as to the Court deems proper.

Dated this 22nd day of May, 2023.

                                              Respectfully submitted,

                                              By: */s/Barbara A. Martinez*
                                              Barbara A. Martinez, Esq.
                                              HOLLAND & KNIGHT LLP
                                              701 Brickell Avenue, Suite 3300
                                              Miami, FL  33131
                                              Telephone: 305-789-7506
                                              Email: Barbara.Martinez@hklaw.com